UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE NUNES, ANTONIO ROMERO, JOSE ALBERTO GIL MEJIA, ERASMO NIETO, and ROGELIO ESCUTIA on behalf of themselves and all other persons similarly situated known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 09 C 7168 |
| vs. | ) ) | |
| CHICAGO IMPORT, INC., and ASHOKKUMAR D. PUNJABI, individually, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Plaintiffs Jose Guadalupe Nunes, Antonio Romero, Jose Alberto Gil Mejia, Erasmo Nieto, and Rogelio Escutia ("Plaintiffs") for an Order to Authorize Notice to Similarly Situated Persons. For the reasons stated below, we grant Plaintiffs' motion.

### BACKGROUND

Plaintiffs are current and former employees of Defendant Chicago Import, Inc., a company owned and operated by Defendant Ashokkumar D. Punjabi ("Defendants"). On November 16, 2009, Plaintiffs filed suit against Defendants under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), alleging that

Defendants failed to pay minimum and overtime wages to Plaintiffs and other current and former employees similarly situated. On February 10, 2010, Plaintiffs filed this motion for an order authorizing notice to similarly situated persons pursuant to 29 U.S.C. § 216(b).

Plaintiffs worked as laborers whose responsibilities included unloading merchandise from trucks and organizing the merchandise in Defendants' warehouse. During the course of their employment with Defendants, Plaintiffs assert that they regularly worked more than forty hours a week. Plaintiffs maintain that they ordinarily worked Monday through Saturday from 9 a.m. to 8 p.m. with a half an hour for lunch. According to Plaintiffs, Defendants also required them to work seven days a week during the month of December due to the increased demands of the holiday season.

Plaintiffs allege that Defendants compensated them at a rate below the appropriate minimum wage and also failed to include overtime wages. From September 2005 through 2007, Plaintiffs assert Defendants paid $300 a week for all hours worked. At some point during 2007, Plaintiffs allege that Defendants altered their compensation scheme such that they paid $300 a week for the first three weeks of each month and then paid $400 for the final week. Plaintiffs were paid an additional $50.00 a week in December when they were required to work 7 days a week. Plaintiffs maintain that this compensation structure remained in place until January 11, 2010, when Defendants

began paying Plaintiffs $8.00 an hour for all hours worked, including those worked in excess of forty hours a week.

In addition to the allegations pertaining to them personally, the Plaintiffs allege that around 20 other laborers who worked in Defendants' warehouse from November 16, 2006 until the present were compensated in the same manner. Plaintiffs ask us to permit them to issue notice of this lawsuit to similarly situated employees, approve the form of the notice, and allow Plaintiffs to issue notice via U.S. mail, employee pay envelopes, and a workplace posting at Defendants' warehouse in Chicago.

## LEGAL STANDARD

Section 16(b) of FLSA permits plaintiffs to bring an action against an employer for unpaid minimum wages or overtime compensation. 29 U.S.C. § 216(b). A collective action under § 216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, whereas collective action members are bound under § 216(b) only if they opt in to the action by providing their written consent. *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Though § 216(b) lacks a provision requiring court-ordered notice of the action, district courts can authorize, in appropriate cases, the issuance of a similar type of notice to potential plaintiffs in FLSA actions. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). A district court may regulate the plaintiff's ability to communicate, under

terms and conditions prescribed by the court, with other class members as long as the court does not forbid the sending of notice altogether once the suit has commenced. *Woods*, 686 F.2d at 580.

Neither § 216(b) nor its regulations set forth criteria for courts to employ in deciding whether employees are situated similarly such that authorization of notice is appropriate. Though the Seventh Circuit has not articulated a standard to regulate the provision of notice to putative FLSA claimants, courts in other circuits have employed an inquiry that occurs at two points in the litigation. *See, e.g., Anderson v. Cagle's Inc.*, 488 F.3d 945, 951-54 (11th Cir. 2007); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (upholding lower court's use of two-step inquiry). At the first stage, the court leniently reviews pleadings and affidavits to determine whether there are allegations sufficient for the court to find that the representative plaintiff and putative class members are similarly situated. *Hipp v. Liberty National Life Ins.*, 252 F.3d 1208, 1218 (11th Cir. 2001). Named plaintiffs can satisfy their burden at this first stage by "making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) (internal quotation marks omitted). The second stage occurs later in the litigation, after all or a significant portion of discovery has been completed, and requires the court to

employ a much stricter standard to determine whether the class members are actually similarly situated to the named plaintiffs. *Thiessen*, 267 F.3d at 1102-03.

With these principles in mind, we turn to Plaintiffs' motion.

## DISCUSSION

Plaintiffs have submitted five sworn declarations, one from each named plaintiff, in support of their motion seeking conditional approval of their collective action. Taken together, these declarations aver that Plaintiffs and other laborers in Defendants' warehouse performed the same tasks, regularly worked in excess of forty hours a week, and were paid according to a weekly flat-rate compensatory scheme that did not distinguish between regular and overtime hours. These allegations are enough for us to conclude that the Plaintiffs and other warehouse laborers were subject to a common policy in violation of FLSA. *See Flores*, 289 F. Supp. 2d at 1045. We therefore authorize Plaintiffs to distribute notice to members of their putative collective action pursuant to 29 U.S.C. § 216(b).

Defendants ask us to reject Plaintiffs' proposed notice on the grounds that it sweeps too broadly; Defendants construe Plaintiffs' proposed notice to apply to all of their employees and Defendants argue that their administrative or executive employees are not similarly situated to Plaintiffs. Portions of the Plaintiffs' briefs and the text of their notice support Defendants' interpretation. A heading in Plaintiffs' initial

memorandum asserts that notice should be issued to all of Defendants' current and former employees and the "TO:" line of Plaintiffs' proposed notice is addressed to all persons who worked for Defendants. Defendants do not dispute, however, that the Plaintiffs are similarly situated to persons that Defendants term "warehouse clerks", i.e., warehouse laborers. Plaintiffs confirmed in their reply brief that the scope of the proposed action is so limited. Because Defendants have not objected to the dimensions of the collective action as we have conditionally approved it, we construe their objection as to the form of the notice. We therefore order Plaintiffs to correct the "TO:" line of their proposed notice and the section with the heading reading "Why did I get this notice?" to reflect the fact it is being addressed to persons who worked in Defendants' warehouse only. Defendants make no further objections to the form of the notice, and we approve the form of the proposed notice and notice envelopes consistent with the changes ordered above.

Defendants also object to the Plaintiffs' sending proposed notice through the U.S. Mail to past and current employees of Defendants. Defendants maintain that they do not keep records of their warehouse employees' addresses and therefore would be incapable of complying with a court order requiring them to furnish addresses to Plaintiffs to assist them in effectuating notice. Defendants do not object to Plaintiffs' other proposed methods, namely, distribution of notice through pay envelopes and by posting at

Defendants' place of business. We will not order Defendants to produce information they do not have. Defendants are ordered to post a copy of the notice in a conspicuous place at their warehouse for the duration of the notice period and to include the Notice in pay envelopes of its warehouse employees for two consecutive pay periods.

## CONCLUSION

We grant Plaintiffs' motion and authorize notice be issued to similarly situated warehouse laborers pursuant to 29 U.S.C. § 216(b). We approve the form of the notice submitted by Plaintiffs other than the changes provided in our opinion. We further order Defendants to issue notice via employee pay envelope for two consecutive pay periods and to post the notice in a conspicuous location at its warehouse located at 3801-3811 W. Lawrence Avenue, Chicago, Illinois for the duration of the notice period.

_____
Charles P. Kocoras
United States District Judge

Dated:   March 22, 2010